IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| E DILLON & COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00070 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TRAVELERS CASUALTY & SURETY** | ) | By: James P. Jones |
| **COMPANY OF AMERICA,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Robert V. Ward and Beth Osborne Skinner, Ward & Rasnic, P.C., Bristol, Virginia, for Plaintiff; Charles M. Sims and Joseph M. Rainsbury, LeClairRyan, A Professional Corporation, Richmond and Roanoke, Virginia, for Defendant.*

In this dispute over an employer's liability insurance coverage, the defendant, Travelers Casualty and Surety Company of America ("Travelers"), has filed a Motion for Summary Judgment. In its Complaint, the plaintiff, E Dillon & Company ("E Dillon"), claims that Travelers wrongfully denied it coverage in relation to an employment discrimination lawsuit brought by one of its former employees. Travelers asserts it was not timely notified of the claim as required by the insurance policy, and was thus not obligated to cover the claim. Jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy. 28 U.S.C. § 1332.

I will grant summary judgment to Travelers, on the ground that the undisputed facts show that the insured's notice of the claim was untimely, and it was therefore not entitled to coverage under the insurance policy.[1]

I.

The pertinent facts are undisputed.[2] E Dillon, a company headquartered in Swords Creek, Virginia, produces and sells construction and mining materials. On August 1, 2010, its then President and Chief Financial Officer, Otey Dudley, took out a liability policy (the "Policy") for the company with Travelers, with a policy period ending August 1, 2011. According to Dudley, the Policy has since been continuously renewed on an annual basis.

Under the Policy's Insuring Agreement for Employment Practices Liability, Travelers agreed to provide coverage for any "Employment Claim" first made during the policy period for a "Wrongful Employment Practice." (Certified Policy 26, ECF No. 15-2.) The Policy's definition of "Employment Claim" includes "a

---

[1] E Dillon did not file its Memorandum in Opposition to Defendant's Motion for Summary Judgment until nearly two weeks after the deadline under the court's local rules had passed, *see* W.D. Va. Civ. R. 11(c)(1), and without seeking leave of court. Travelers has moved to strike the opposition as untimely. I will grant Travelers' motion, although I am still obligated to consider the Motion for Summary Judgment on its merits, regardless of the failure to timely respond in opposition. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). Accordingly, E Dillon has suffered no prejudice by the late filing, particularly since it does not dispute the relevant facts.

[2] In a deposition taken April 27, 2015, Otis Dudley, currently E Dillon's Chief Financial Officer, acknowledged on behalf of the company essentially all of the facts asserted by Travelers in connection with its Motion for Summary Judgment.

-2-

Case 1:14-cv-00070-JPJ-PMS   Document 20   Filed 06/12/15   Page 2 of 10   Pageid#: 266

formal administrative or regulatory proceeding commenced by the filing of a notice of charges . . . including . . . a proceeding before the Equal Employment Opportunity Commission," among other types of claims. (*Id.* at 27.) The definition of "Wrongful Employment Practice" includes claims of "Discrimination" and "Retaliation." (*Id.* at 30.)

In a section entitled "Insured's Duties in the Event of a Claim," the Policy provides that if an "Executive Officer" becomes aware of a claim, he must give written notice of the particulars of the claim — including the alleged facts, specific dates, and identities of the persons involved — "as soon as practicable." (*Id.* at 15.) The Policy states that such notice is "a condition precedent to any rights under this Liability Policy." (*Id.*) Further, the Policy requires that the insured give "such information, assistance and cooperation as . . . may reasonably [be] require[d]." (*Id.*) The Policy's definition of "Executive Officer" includes an "officer" of the company. (*Id.* at 35.) Dudley does not dispute that he is an "Executive Officer" for purposes of liability coverage. (Dudley Dep. 12, ECF No. 15-1.)

On April 4, 2011, Dudley received notice that a former employee of E Dillon, Vincent Sizemore, had filed a charge with the Equal Employment Opportunity Commission for alleged employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., and the Americans

-3-

Case 1:14-cv-00070-JPJ-PMS   Document 20   Filed 06/12/15   Page 3 of 10   Pageid#: 267

with Disabilities Act, 42 U.S.C. §§ 12101, et seq. (Notice of Charge, ECF No. 15-3.) E Dillon hired counsel to defend the charge, and denied the allegations of discrimination in a letter to the EEOC dated May 5, 2011. (Miller Letter, ECF No. 15-4.) By letter dated June 7, 2011, Sizemore's counsel informed Dudley that Sizemore had been declared permanently disabled by his treating physician, that he would not be returning to work at E Dillon, and that he would be pursuing remedies against the company for its alleged unlawful discrimination. (Figueiras Letter 30, ECF No. 15-11.)

On April 27, 2012, the EEOC gave notice to E Dillon and Sizemore that it was dismissing Sizemore's EEOC charge, and providing issuance of the right to sue. (Dismissal & Notice of Rights, ECF No. 15-6.) The EEOC later reversed its position, however, and issued a finding on September 27, 2012, that "there is reasonable cause to believe that a violation of the Americans with Disabilities Act of 1990, as amended, has occurred." (EEOC Determination 3, ECF No. 15-8.)

At the EEOC's invitation, Sizemore and E Dillon agreed to attend a conciliation meeting scheduled March 14, 2013. Prior to the conciliation meeting, E Dillon provided notice of Sizemore's claim to Travelers for the first time through correspondence dated February 28, 2013. (Dudley Letter 2-3, ECF No. 15-11.) Thereafter, on March 11, 2013, Travelers denied coverage for E Dillon's claim, stating that "[t]he almost two (2) years delay in reporting this matter does not

satisfy the Policy provision requiring that a Claim be reported as soon as practicable." (Travelers Letter 5, ECF No. 15-13.)

Following the conciliation meeting, the EEOC presented E Dillon with a draft Conciliation Agreement, proposing that the company pay $178,000 in back wages and damages. (Conciliation Agreement 5, ECF No. 15-16.) E Dillon rejected this proposed settlement. Subsequently, Sizemore filed suit in this court, alleging he had been discriminated against due to his disability based on the same facts as his EEOC claim. (Compl., Case No. 1:13CV00048, ECF No. 15-14.) The Summons and Complaint were served on E Dillon's registered agent in September of 2013. (Dudley Letter 2, ECF No. 15-14.) The court set a mediation date for February 11, 2014, and a trial date of September 29, 2014. (*Id.*) E Dillon did not inform Travelers of the pending suit until February 3, 2014, when it requested by letter that Travelers defend against Sizemore's claims in the mediation and trial. On February 10, 2014, Travelers responded by again denying coverage, based on E Dillon's failure to notify Travelers of Sizemore's claim as soon as practicable, as required by the insurance policy. Ultimately, E Dillon settled Sizemore's claims for $45,000, incurring $70,873.12 in attorney's fees and costs. (Compl. 2, ECF No. 1.)

II.

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, if the evidence of a genuine issue of material fact "is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

Because subject-matter jurisdiction rests upon diversity of citizenship, the case is governed by Virginia law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). An insurance policy is a contract, and the court will give "the words used in this policy their ordinary and usual meaning when they are susceptible of such construction." *State Farm Fire & Cas. Co. v. Walton*, 423 S.E.2d 188, 191, (Va. 1992). If the policy language is unambiguous, the court will "simply apply the terms of the policy as written." *Id.*

It is undisputed that the Policy required notice of claims "as soon as practicable," but that E Dillon waited almost two years before notifying Travelers of its claim. Under Virginia law, insurance policy provisions requiring notice of a claim "as soon as practicable are reasonable and enforceable." *State Farm Fire & Cas. Co. v. Wallace*, 997 F. Supp. 2d 439, 446 (W.D. Va. 2014) (internal quotation marks and citation omitted). Therefore, a policy's requirement of "timely notice of an accident or occurrence is a condition precedent to an insurance company's liability coverage requiring substantial compliance by the insured." *Id.* (internal quotation marks and citations omitted). Where the failure to notify is "substantial and material," the insurer has no longer owes a duty to defend or indemnify the insured. *Id.* (internal quotation marks and citation omitted).

"Three factors bear upon the materiality of a breach of the notice provision of a policy: (1) the reasonableness of the delayed notice, (2) the amount of prejudice suffered by the insurer as a result of the delay, and (3) the length of time that elapsed before notice was given." *Id.* at 447 (internal quotation marks and citations omitted). The reasonableness of an insured's notice of a claim is determined using an objective standard, and notification is required "whenever it should reasonably appear to the insured that the policy may be implicated." *Id.* (internal quotation marks and citations omitted); *see also Walton*, 423 S.E.2d at 192 (stating that obligation to notify arises with "incident which was sufficiently

-7-

Case 1:14-cv-00070-JPJ-PMS   Document 20   Filed 06/12/15   Page 7 of 10   Pageid#: 271

serious to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim for damages covered by [the] policy") (internal quotation marks and citation omitted). Further, "a prolonged delay in notification alone may breach the policy even absent a showing of prejudice." *Wallace*, 997 F. Supp. 2d at 446 (internal quotation marks and citations omitted).

Although the reasonableness of a notice delay is generally a factual question reserved for the jury, *id.* at 447, I find that under the circumstances of this case, E Dillon's two-year notification delay was a material breach of the Policy as a matter of law. *See Va. Farm Bureau Mut. Ins. Co. v. Sutherland*, No. Civ.A. 7:03CV00122, 2004 WL 2360162, at *2 (W.D. Va. Oct. 19, 2004) ("The question of delayed notice may be decided as a matter of law where reasonable men could not differ as to the inferences to be drawn from the undisputed facts." (internal quotation marks and citation omitted).) The Policy explicitly required any "Executive Officer" — which would include then President and Chief Financial Officer Dudley, who acknowledges he was aware of the EEOC charge — to notify Travelers of the claim "as soon as practicable." Given that the Policy specifically defined EEOC proceedings as a type of "Employment Claim" subject to coverage, it was not reasonable for E Dillon to wait until it knew a lawsuit would be filed before invoking the Policy. Under these circumstances, it should have "reasonably

-8-

Case 1:14-cv-00070-JPJ-PMS   Document 20   Filed 06/12/15   Page 8 of 10   Pageid#: 272

appear[ed]" to E Dillon that the Policy would be implicated by Sizemore's EEOC claim.

It may be argued that under the Policy, Travelers had no duty to defend the EEOC claim, and E Dillon therefore had no duty to notify Travelers until the actual lawsuit was filed. This reading, however, would contradict the Policy's plain language, which explicitly defines an "Employment Claim" to include EEOC proceedings. "Failure to give timely notice will not be excused when the insured only *subjectively* concludes that coverage under the policy will not be implicated." *Dan River, Inc. v. Commercial Union Ins. Co.*, 317 S.E.2d 485, 489 (Va. 1984) (emphasis added).

Further, Travelers was clearly prejudiced by the delay, as it lost the opportunity to investigate the claim, direct E Dillon's defense, and attempt to resolve the claim before the EEOC concluded there was reasonable cause to find disability discrimination against Sizemore. The EEOC's Conciliation Agreement, which proposed payment of $178,000 in back pay and damages, further diminished any leverage Travelers might have had in settling the case, and increased the likelihood that a lawsuit would be filed.

Even if there were no prejudice, however, the length of the delay alone is sufficient to conclude that E Dillon materially breached the Policy's condition of coverage. The two-year delay in this case far exceeds delays that have been found

unreasonable as a matter of law in Virginia. "Virginia courts have generally held that notice given beyond 75 days, without a reasonable excuse, is untimely," and "a delay of 601 days is beyond the outer limits of reasonableness." *Sutherland*, 2004 WL 2360162, at \*2; *see also Atlas Ins. Co. v. Chapman*, 888 F. Supp. 742, 744 (E.D. Va. 1995) (finding 126-day delay unreasonable), *aff'd*, No. 95-2404, 1996 WL 436562, at \*1 (4th Cir. July 23, 1996) (unpublished); *Lord v. State Farm Mut. Auto. Ins. Co.,* 295 S.E.2d 796, 799-800 (Va. 1982) (finding 173-day delay untimely); *State Farm Mut. Auto. Ins. Co. v. Porter,* 272 S.E.2d 196, 200 (Va. 1980) (finding delay of seven months untimely).

For these reasons, I find that E Dillon materially breached the Policy's condition of coverage, and that Travelers was therefore entitled to deny E Dillon's claim.

III.

For these reasons, it is **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED. A separate judgment will be entered herewith.

ENTER: June 12, 2015

/s/ James P. Jones
United States District Judge